| |
|---|
| **Celi v YJL Broadway Hotel LLC** |
| 2025 NY Slip Op 32211(U) |
| June 23, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 159106/2017 |
| Judge: James E. d'Auguste |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **Hon. James E. d'Auguste**                    PART 55

*Justice*

--------------------------------------------------------------X

GALO CELI,

                        Plaintiff,

            - v -

YJL BROADWAY HOTEL LLC,

                  Defendant.

--------------------------------------------------------------X

YJL BROADWAY HOTEL LLC,

                  Plaintiff,

          -against-

BMNY CONTRACTING CORP.,

                  Defendant.

--------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159106/2017 |
| MOTION DATE | 11/18/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595082/2019

The following e-filed documents, listed by NYSCEF document number (Motion 002) 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52

were read on this motion to/for            SUMMARY JUDGMENT            .

      In this labor law action, plaintiff Galo Celi ("Celi") moves, pursuant to CPLR 3212, for summary judgment against defendant YLJ Broadway Hotel LLC ("YLJ") as to his Labor Law Section 240(1) claim.  Defendant YLJ opposes Celi's motion.  For the reasons stated below, the motion is granted.

      Celi, a construction worker, employed by BMNY Contracting Corp. ("BMNY"), sustained injuries on September 27, 2017, while working at a construction site owned by YJL Broadway Hotel LLC ["YJL"].  At the time of the incident, Celi and two co-workers were constructing concrete forms or columns that were assembled by stacking two nine-foot sections to create a total height of eighteen feet (NSYCEF Doc. No. 38).  Celi contends that the task was

159106/2017   CELI, GALO vs. YJL BROADWAY HOTEL LLC
Motion No.  002

Page 1 of 5

[* 1]

outside the scope of his typical responsibilities as a carpenter. He further testified that, ordinarily, the lifting and placement of the subject columns involved ropes or a pulley system to stabilize and control the movement. Yet, no such equipment was available on the day of the accident, and Celi and his co-workers were directed by their supervisor to manually lift the column section (NYSCEF Doc. No. 48).

Celi stated that he was positioned nearly fifteen feet above the ground, secured with a harness; one worker was stationed on the ground pushing the column upwards, and another worker was midway up stabilizing it, while Celi was at the highest point guiding the column into position. He asserts that without ropes or pulleys, he and the co-workers had to rely wholly on their own strength to lift and set the columns – that Celi described as "very heavy" – into place. Celi alleges he was "injured in the process of raising this one form onto the other form" when the form fell on his right shoulder and neck, and subsequently fell on his shoulder when he attempted to further stabilize it to prevent the form from falling on his friend. As a result, Celi sustained injuries to his shoulders, cervical and lumbar spines and right wrist (NYSCEF Doc. No. 48). Celi asserted a violation of Labor Law Section 240(1).

YJL asserts that where a plaintiff is the sole witness to an accident and his credibility has been placed in issue, the granting of partial summary judgment in favor of plaintiff on his Labor Law Section 240(1) claim is inappropriate. *Woszczyna v BJW Associates*, 31 AD3d 754 (2d Dept. 2006). YJL argues that while Celi was allegedly injured as part of a three-man crew, Celi fails to submit any other testimony on the issue of how the alleged accident occurred other than his own deposition transcripts. YJL claims that no other testimony is offered, and no expert submission proffered to substantiate Celi's contention that some type of lifting device should

159106/2017   CELI, GALO vs. YJL BROADWAY HOTEL LLC
Motion No. 002

Page 2 of 5

have been supplied or utilized, and the absence of such device violates Section 240 (NYSCEF Doc. No. 51).

Contrary to YJL's claim, Celi maintains that no expert evidence is required to establish that ropes, pulleys, or other devices were customarily used to perform the task he and his co-workers were undertaking at the time of his injury. Celi argues expert testimony is not required to make out a Labor Law Section 240(1) violation. *See, Ortega v City of New York*, 95 AD3d 125 (1st Dept. 2012) ["contrary to the IAS court, expert testimony on foreseeability was unnecessary for plaintiffs to prevail on the section 240(1) claim"]; *Ordaz v KSB Broadway Assoc.*, 2023 NY Slip Op 32409[U] [Sup Ct, NY Cnty 2023] ["expert testimony is not required to plead a Labor Law violation – plaintiff's own testimony is sufficient"].

The First Department, in *Ortega*, stated that "[a] defendant's failure to provide workers with adequate protection from reasonably preventable, gravity-related accidents will result in liability" *Id.* at 128. The Appellate Division continued: "Indeed, the question of circumstantial reasonableness is irrelevant when safety devices are required pursuant to Labor Law § 240(1), and an owner or contractor is absolutely liable in damages for injuries sustained by a covered worker." *Id.* Here, YJL fails to submit any evidence to controvert Celi's testimony that ropes and pulleys were usually used to raise the concrete forms at issue. Additionally, the First Department has repeatedly recognized that "[p]eople are not safety devices within the meaning of Labor Law § 240(1)." *Iuculano v City of New York*, 214 AD3d 535 [1st Dept. 2023]. Thus, Celi asserts that the only conclusion to be drawn from the evidence is that "[r]ather than using plaintiff [and his coworkers] as the securing device contemplated by the statute, he should have been provided with one instead." *Luongo v City of New York*, 72 AD3d 609 [1st Dept. 2010].

**159106/2017   CELI, GALO vs. YJL BROADWAY HOTEL LLC**
**Motion No. 002**

Page 3 of 5

[* 3]

Defendant additionally asserts that Celi's description of the accident at his deposition is inconsistent with the accident report, which makes no mention of the forms becoming unstable, and no mention of the form striking Celi. YJL asserts the alleged injuries are inconsistent with a "simple shoulder dislocation that did not involve any direct trauma" to Celi's body – which was the accident description in non-party BMNY's report. As such, YJL argues these inconsistencies create issues of credibility and raise issues of fact (NYSCEF Doc. No. 51).

Celi disputes YJL's contention that there are issues of fact concerning the manner in which the accident occurred, noting YJL offered no evidence or testimony to controvert Celi's testimony. Celi claims that YJL's argument – that the description of Celi's injury in the accident report prepared by non-party BMNY raises a triable issue of fact as to Celi's credibility – is meritless. Celi maintains the accident report confirms that Celi was injured in the course of "lifting" the concrete form, and also confirms that his injuries included a dislocated shoulder, thus, corroborating his testimony. Also, contrary to YJL's assertion, Celi's testimony was not impugned by the accident report, and YJL failed to raise a triable issue of fact as to Celi's credibility or the manner in which the accident occurred. *See, Molina v 114 Fifth Ave. Assoc.,* LLC, 231 AD3d 543 (1st Dept. 2024), ["The evidence that defendants presented in opposition to plaintiff's motion failed to impugn plaintiff's credibility or that of his coworker"].

Here, Celi's evidential submissions demonstrated that YJL violated Labor Law Section 240(1), and such violation proximately caused his injuries. In fact, where a construction worker is injured at a construction site because an object that was being moved was too heavy to be safely moved, summary judgment under the statute is proper. *Gutierrez v 610 Lexington Prop. LLC*, 179 AD3d 513 (1st Dept. 2020). More recently, in *Carranza v Mem. Hosp. For Cancer & Allied Diseases*, 225 AD3d 536 (1st Dept. 2024), the First Department concluded that plaintiff

159106/2017   CELI, GALO vs. YJL BROADWAY HOTEL LLC
Motion No. 002

Page 4 of 5

[* 4]

"established prima facie that [he] was injured by a falling object that should have been secured by a safety device contemplated by Labor Law § 240(1)." The plaintiff was awarded summary judgment on his § 240(1) cause of action. *Id.*

Moreover, the facts of Celi's accident support Labor Law Section 240(1) liability because YJL failed to meet its nondelegable duty to provide Celi with an appropriate safety device against elevation-related risks. *Saint v Syracuse Supply Co.*, 25 NY3d 117 (2015) (citation omitted). Finally, YJL failed to show that Celi was the sole proximate cause of his injury. Accordingly, Celi's motion seeking summary judgment on the issue of liability under Labor Law Section 240(1) is granted against YJL.

This constitutes the decision and order of this Court.

|  |  |  |  |  |
|---|---|---|---|---|
| **06/23/2025** | | | | |
| **DATE** | | | James d'Auguste, J.S.C. | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

159106/2017   CELI, GALO vs. YJL BROADWAY HOTEL LLC
Motion No. 002

Page 5 of 5

5 of 5